# IN THE SUPREME COURT OF THE STATE OF NEVADA

WIMBLEDON DRIVE TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 74840

FILED

MAR 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's agent Miles Bauer tendered $1845 to the HOA's agent Homeowner Association Services (HAS), which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 
19-11587

Appellant contends that HAS and the HOA had a good-faith basis for rejecting the tender in believing additional costs made up part of the superpriority portion of the HOA's lien. But subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and HAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." (quoting 1 Grant S Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Appellant further contends that the tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be recorded, (3) respondent's agent needed to keep the tender good, and (4) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Appellant has not identified any condition that respondent's agent was not legally entitled to impose. We reject appellant's argument that the letter accompanying the check contained conditions purporting to absolve respondent of any future liability that it may have to the HOA. The letter refers to "the facts stated herein" in considering respondent's obligations to

the HOA to be "paid in full," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which respondent might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure.

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michelle Leavitt, District Judge
Janet Trost, Settlement Judge
Roger P. Croteau & Associates, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A